**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 11-cv-02888-WJM-MJW

LISA STRANSKY, and
NATALIE FIORE,
ERIN PEREZ,
HELEN GEIST,
ANGELA VANLENGEN,
BROOKE THOMPSON,
MILDRED HAMILTON,
NICOLE WAGNER,

individually and on behalf of others
similarly situated

      Plaintiffs,

v.

HEALTHONE OF DENVER, INC.,

      Defendant.

---

**ORDER GRANTING IN PART PLAINTIFFS' MOTION TO**
**TOLL THE STATUTE OF LIMITATIONS**

---

In this collective civil action, Plaintiffs, individually and on behalf of all others similarly situated, bring claims against Defendant HealthONE of Denver, Inc. ("HealthONE") alleging that Defendant failed to adequately compensate them in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. Before the Court is Plaintiffs' Motion to Toll the Statute of Limitations (the "Motion"). (ECF No. 36.)

For the reasons set forth below, Plaintiffs' Motion is granted in part.

## I.  BACKGROUND

Plaintiffs filed their Collective Action Complaint on November 7, 2011.  (ECF No.

1.)  Plaintiffs bring claims under the FLSA, individually and on behalf of all others

similarly situated, alleging that Defendant failed to pay them for time spent working,

including applicable overtime pay.  (*Id*. at ¶¶ 28-48.)

On May 1, 2012, Plaintiffs filed a Motion for Conditional Collective Action

Certification and for Judicial Notice to Class requesting entry of an order for conditional

collective action certification and for judicial notice to all current and former employees

of Defendant that fit into Plaintiffs' class definition who are not already named Plaintiffs

in this action (the "Opt-in Plaintiffs").  (ECF No. 25.)

Also on May 1, 2012, Plaintiffs filed a Motion to Toll the Statute of Limitations

requesting that the statute of limitations for all Opt-in Plaintiffs be tolled from the date

that the original lawsuit was filed, November 7, 2011, until 90 days after the Opt-in

Plaintiffs receive notice of this lawsuit.  (ECF No. 36.)  Defendant filed its Response on

May 25, 2012 (ECF No. 40), and Plaintiffs filed their Reply Brief in Support of their

Motion on June 8, 2012 (ECF No. 42).

Plaintiffs' Motion to Toll the Statute of Limitations is now ripe for resolution.

## II.  ANALYSIS

Plaintiffs argue that the statute of limitations for the Opt-in Plaintiffs in this case

should be equitably tolled, with the tolling period commencing on the date the original

complaint was filed, November 7, 2011, and concluding 90 days after the Opt-in

Plaintiffs receive notice of this lawsuit.[1]  (ECF 42 at 2.)  Defendant opposes Plaintiffs'

Motion and counters that Plaintiffs have not identified or established any circumstances

that would warrant equitable tolling of the statute of limitations for any period of time.

(ECF No. 40 at 2-3.)

A claim brought pursuant to the FSLA must be "commenced within two years

after the cause of action accrued . . ."  29 U.S.C. § 255(a).  An action is "commenced"

on the date the complaint is filed, subject to certain exceptions.  29 U.S.C. § 256.  In the

case of a collective action, if an individual claimant does not immediately file written

consent to become a party plaintiff, or if the individual claimant's name does not appear

on the initial complaint, plaintiff's action is considered to be "commenced" when a

plaintiff files written consent.  29 U.S.C. § 256(b).  In short, the FLSA has an "opt-in"

mechanism which presumes a lapse of time between the date a collective action is

commenced and the date that each opt-in plaintiff files his or her consent form.  *Id.*

Equitable tolling is a doctrine that permits courts to extend statutes of limitations

on a case-by-case basis in order to prevent inequity.  *See Truitt v. Cnty. of Wayne*, 148

F.3d 644, 648 (6th Cir. 1998) (internal citation omitted) ("The propriety of equitable

tolling must necessarily be determined on a case-by-case basis.").  This equitable

tolling doctrine is read into every federal statute, including the FLSA.  *See U.S. v.*

*$57,960.00 in U.S. Currency,* 58 F. Supp. 2d 660, 664 (D.S.C. 1999) (citing *Holmberg*

*v. Armbrecht*, 327 U.S. 392, 397 (1946)).  Moreover, the decision to invoke equitable

---

[1]        While it is unclear from Plaintiffs' Motion from what date they were seeking to
have tolling begin, Plaintiffs have now clarified that they are seeking to have tolling begin from
the date the original lawsuit was filed.  (ECF No. 42 at 2.)

tolling in a particular case lies exclusively within the sound discretion of the trial court. *See Truitt*, 148 F.3d at 648.

Courts have equitably tolled statutes of limitations in FLSA actions when doing so is in the interest of justice. *See, e.g. Partlow v. Jewish Orphans' Home of Southern Cal., Inc.*, 645 F.2d 757, 760-61 (9th Cir. 1981) (equitable tolling proper where plaintiffs were without fault and "practical effect of not tolling the statute would be to bar forever any claim" the employees had against defendant), *abrogated on other grounds by Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989); *Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-cv-0715, 2007 WL 707475 at *8 (N.D. Cal. Mar. 6, 2007) (equitably tolling FLSA statute of limitations because of factors outside plaintiffs' control). Equitable tolling, however, should be invoked sparingly. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000). Furthermore, "equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys*, 209 F.3d at 561-62 (citing *Baldwin Cnty. Welcome Center v. Brown*, 466 U.S. 147, 151 (1984)) ("[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

In the case of a collective FLSA action, a least one district court in the Tenth Circuit has explained that the unique circumstances of a collective action "is not only significant but justifies tolling the limitations period [ ] for the FLSA putative class until the court authorizes the provision of notice to putative class members or issues an

order denying the provision of notice." *In re Bank of America Wage and Hour Emp't Litig.*, No. 10-MDL-2138, 2010 WL 4180530 (D. Kan. Oct. 20, 2010).  In making that equitable tolling determination, the court in *In re Bank of America* utilized a flexible standard, where a court considers five factors in determining whether to equitably toll a statute of limitations: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.  *Id.* (citing *Graham-Humphreys*, 209 F.3d at 561).

Plaintiffs argue that the statue of limitations should be equitably tolled here in the interest of justice in order to protect the Opt-in Plaintiffs' diminishing claims.  The Court agrees.  Although early notice to Opt-in Plaintiffs in a collective action such as this is favored, such notice was not possible here as Defendant is in sole possession of the names and last known physical addresses of all potential Opt-in Plaintiffs.  As such, allowing Opt-in Plaintiffs' claims to diminish or expire due to circumstances beyond their direct control would be particularly unjust.  The Tenth Circuit has also recognized the possible need for equitable tolling under such conditions.  *See Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 616 (10th Cir. 1988) (tolling statute of limitations where plaintiffs were lulled into inaction and defendant did not show that any "significant prejudice" would result from allowing plaintiffs to proceed; defendant was "fully apprised" of the plaintiffs' claims).  Moreover, Defendant will not be prejudiced by such equitable tolling.  *See Baden-Winterwood*, 484 F. Supp. 2d at 828-29 (defendant not

5

prejudiced because it "had full knowledge that the named Plaintiff brought the suit as a collective action on the date of the filing" and "was fully aware of its scope of potential liability."). Indeed, Defendant fails to claim it would be prejudiced in any manner, let along prejudiced unduly, were this Court to toll the applicable limitations period. Thus, having considered the particular facts of this case, the Court finds that the interests of justice are best served by tolling the statute of limitations for the Opt-in Plaintiffs in this case.

The Court, however, declines to adopt Plaintiffs' request to toll the statute of limitations starting from November 7, 2011, the date this lawsuit was filed. Plaintiffs have failed to cite any controlling Tenth Circuit authority which supports their argument that equitable tolling in an FLSA collective action should begin from the date the original collective action complaint was filed, nor has the Court found any such authority. "In the context of an opt-in collective action, diligence is measured by whether Plaintiffs opted-in when given the opportunity, not by whether Plaintiffs chose to initially bring a lawsuit." *Baden-Winterwood*, 484 F. Supp. 2d at 828-29 (quoting *Baldwin Cnty. Welcome Center*, 466 U.S. at 194-50) (internal citation omitted).

Plaintiffs here first requested an order requiring Defendant to provide Plaintiffs' counsel with the names and last known physical addresses of all individuals in the class, as well as an order allowing judicial notice of this lawsuit to all putative members who have not yet joined the action, on May 1, 2012. (ECF No. 35 at 4.) Accordingly, the statute of limitations for the Opt-in Plaintiffs in this case will be equitably tolled from that date, May 1, 2012, until 90 days after the Opt-in Plaintiffs receive notice of this lawsuit or the Court issues an order denying the provision of such notice.

6

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.     Plaintiffs' Motion to Toll the Statute of Limitations (ECF No. 36) is GRANTED IN PART; and

2.     The FLSA statute of limitations for the Opt-in Plaintiffs in this case will be equitably tolled from May 1, 2012 until 90 days after the Opt-in Plaintiffs receive notice of this lawsuit or the Court issues an order denying the provision of such notice.

Dated this 14th day of June, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge