**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-02888-WJM-MJW

LISA STRANSKY,
NATALIE FIORE,
ERIN PEREZ,
HELEN GEIST,
ANGELA VANLENGEN,
BROOKE THOMPSON,
MILDRED HAMILTON,
NICOLE WAGNER,
ANNE EVANSON,
ALECIA WHITEHEAD,

individually and on behalf of others
similarly situated,

      Plaintiffs,

v.

HEALTHONE OF DENVER, INC.,

      Defendant.

---

## ORDER

---

In this collective action, Plaintiffs, individually and on behalf of all others similarly

situated, bring claims against Defendant HealthONE of Denver, Inc. ("HealthONE")

alleging that Defendant failed to adequately compensate them in violation of the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*.  Before the Court are: (1)

Plaintiffs' Motion for Conditional Collective Action Certification and for Judicial Notice to

Class ("Motion for Conditional Certification") (ECF No. 35); (2) Plaintiffs' Motion to

Supplement their Motion for Conditional Collective Action Certification, to Wit,

Amending their Proposed Judicial Notice to Class ("Motion to Supplement") (ECF No. 49); (3) Defendant's Motion to Strike, or in the Alternative, Response in Opposition to Plaintiffs' Motion to Supplement ("Motion to Strike") (ECF No. 52); and (4) Plaintiffs' Unopposed Motion to Request a Hearing on their Pending Motion for Conditional Certification ("Motion for Hearing") (ECF No. 65).  Also before the Court *sua sponte* is Plaintiffs' Second Amended Complaint, filed without leave of the Court.  (ECF No. 50.)

For the reasons set forth below, (1) Plaintiffs' Motion for Conditional Certification is granted in part; (2) Plaintiffs' Motion to Supplement is denied; (3) Defendant's Motion to Strike is granted; (4) Plaintiffs' Motion for Hearing is denied; and (5) Plaintiffs' Second Amended Complaint is stricken.

## I.  BACKGROUND

Defendant owns and operates hospitals and other healthcare facilities in the Denver, Colorado metropolitan area that employ hourly, non-exempt[1] healthcare workers in their day-to-day operations. (ECF No. 23 ¶¶ 1-2.)  The trade names used by Defendant are: The Medical Center of Aurora ("TMCA"); Centennial Medical Plaza (affiliated with TMCA); Presbyterian/St. Luke's Medical Center; Rose Medical Center; Swedish Medical Center; Swedish Southwest ER (affiliated with Swedish Medical Center); and Sky Ridge Medical Center.  (*Id*. at ¶ 2.)  Plaintiffs were all employed by Defendant during some period of time between approximately 2008 through the present as non-exempt hourly employees.  (*Id*. at ¶ 26.)  The current Plaintiffs are all

---

[1]      29 U.S.C. § 213 exempts employers from complying with the minimum wage and maximum hour requirements with regard to certain kinds of employees.  Plaintiffs allege that they do not fall within any of these exceptions.

non-exempt nurses and a surgical technician who all work or worked in the Labor & Delivery ("L&D") department at TMCA. (*Id*. at ¶¶ 14-25.) L&D is part of the Women's Services group at TMCA. (N. Spencer Decl., ¶ 3, ECF No. 39, Ex. 1.)

Plaintiffs filed their initial Collective Action Complaint on November 7, 2011. (ECF No. 1.) Plaintiffs filed an Amended Complaint on February 23, 2012. (ECF No. 23.) Plaintiffs bring claims under the FLSA, individually and on behalf of all others similarly situated, alleging that Defendant failed to pay them for time spent working, including applicable overtime pay.[2] (*Id*. at ¶¶ 28-48.) Plaintiffs allege that Defendant failed to pay them and other similarly situated employees for time spent changing into and out of hospital scrubs, walking to and from locker rooms, and for meal periods when they were not meaningfully off duty. (*Id*.)

On May 1, 2012, Plaintiffs filed a Motion for Conditional Certification requesting entry of an order for conditional collective action certification and for judicial notice (the "Notice") to all current and former employees of Defendant that fit into Plaintiffs' class definition and have not already joined in this action (the "Opt-in Plaintiffs"). (ECF No. 35.) On May 25, 2012, Defendant filed a Response to Plaintiffs' Motion for Conditional Certification (ECF No. 40), and Plaintiffs filed their Reply in Support on June 8, 2012 (ECF No. 41).

On July 30, 2012, Plaintiffs filed a Motion to Supplement. (ECF No. 49.) In their Motion to Supplement, Plaintiffs seek to amend their Proposed Notice of Right to Opt-in to Lawsuit, filed on May 3, 2012 (ECF No. 38), based on new information that Plaintiffs

---

[2]     Plaintiffs also assert claims under Colorado law arising out of the same common nucleus of operative fact, but those claims are not the subject of this Motion.

obtained through discovery.[3]

On August 23, 2012, Defendant filed a Motion to Strike Plaintiffs' Motion to Supplement.  (ECF No. 52.)  In its Motion to Strike, Defendant argues that Plaintiffs' Motion to Supplement is an improper sur-reply.  (*Id.*)  On September 7, 2012, Plaintiffs filed a Response to Defendant's Motion to Strike (ECF No. 53) and a Reply to Defendant's Response to Plaintiffs' Motion to Supplement (ECF No. 54).[4]  On September 24, 2012, Defendant filed its Reply in Support of its Motion to Strike.  (ECF No. 58.)

Finally, on November 20, 2012, Plaintiffs filed an unopposed Motion for a Hearing on their pending Motion for Conditional Certification.  (ECF No. 65.)

These Motions are now ripe for resolution.

## II.  ANALYSIS

### A.    Plaintiffs' Motion to Supplement and Defendant's Motion to Strike

Plaintiffs filed their Motion to Supplement seeking to amend their Proposed Notice to potential Opt-in Plaintiffs based on new information that Plaintiffs obtained through discovery.  (ECF No. 49.)  Plaintiffs argue that they have two independent reasons which demonstrate good cause for filing their Motion to Supplement.  First, Plaintiffs assert that deposition testimony demonstrated that, despite Defendant's arguments to the contrary, other units at other HealthOne hospitals, in addition to the

---

[3]      On July 31, 2012, Plaintiffs filed a Second Amended Complaint which contains new allegations based on information learned through discovery.  (ECF No. 50.)

[4]      Confusingly, Plaintiffs filed two separate, yet similar, responses to Defendant's Motion to Strike.

Women's Services Unit at TMCA, required their non-exempt employees to wear hospital-laundered scrubs.  (*Id*. at 2-3.)  Second, Plaintiffs contend that amending the proposed Notice is proper because Defendant's deposition testimony also revealed that the meal break system at all HealthOne hospitals automatically deducted 30 minutes from any non-exempt employee's recorded work time when that employee worked at least five hours a shift.  (*Id*. at 4-5.)  Plaintiffs seek to amend their proposed Notice to reflect this new information.

In response, Defendant moves to strike Plaintiffs' Motion to Supplement arguing that the Motion is an improper sur-reply which asserts new arguments and introduces new evidence after the close of conditional certification briefing.  (ECF No. 52.) Defendant further asserts that Plaintiffs' Motion to Supplement is untimely, unfairly prejudicial, and in violation of procedural rules.  (*Id*. at 4-7.)  The Court agrees, and grants Defendant's Motion to Strike.

Although Plaintiffs argue in their Motion that they simply wish to amend their proposed Notice,  Plaintiffs' Motion improperly submits new evidence, new arguments, and a new theory of liability in support of their Motion for Conditional Certification.  On a motion for initial conditional certification, such evidence obtained by Plaintiffs during discovery does not form a proper basis for amending the proposed Notice; rather, Plaintiffs' Motion to Supplement is an additional and improper sur-reply on the Motion for Conditional Certification.  *See Scott v. McCormick, Inc*., No. 08-cv-4045, 2010 WL 5093650, at *5 (D. Kan. Dec. 8, 2010) (striking Plaintiff's additional briefing on motion to decertify); *cf. E.E.O.C. v. Outback Steak House of Fla., Inc*., 520 F. Supp. 2d 1250, 1260 (D. Colo. 2007) ("[w]hen a party puts forth new arguments in a reply brief, a court

may avoid error by either: (1) choosing not to rely on the new arguments in determining

the outcome of the motion; or (2) permitting the nonmoving party to file a surreply").

The Court's Revised Practice Standards do not permit the filing of sur-replies or

supplemental responses without leave of the Court.  *See* WJM Revised Practice

Standards III.I.  Rather, a party must move the Court for leave to file a sur-reply,

supplemental brief, or supplemental notice.  *Id*.  Here, Plaintiffs' Motion to Supplement

was filed without the Court's leave.  Accordingly, Defendant's Motion to Strike is

granted, and Plaintiffs' Motion to Supplement is denied.

**B.     Plaintiffs' Second Amended Complaint**

On July 31, 2012, one day after Plaintiffs filed their Motion to Supplement,

Plaintiffs filed a Second Amended Complaint which includes a new theory of liability

related to automatic meal break deductions.  (ECF No. 50 ¶¶ 63-64.)  Plaintiffs' Second

Amended Complaint was filed without a Motion to Amend or a certificate of conferral

with counsel for Defendant.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its

complaint once as a matter of course within 21 days after serving its original pleading,

or, if the pleading is one to which a responsive pleading is required, 21 days after

service of a responsive pleading or 21 days after service of a motion under Rule 12(b),

(e), or (f), whichever is earlier.  In all other cases, a party may amend its pleading only

with the opposing party's written consent or the Court's leave.  *See* Fed. R. Civ. P.

15(a)(2).

Here, Plaintiffs filed their First Amended Complaint on February 23, 2012.  (ECF

No. 23.)  Plaintiffs then filed a Second Amended Complaint on July 31, 2012 without

first seeking leave of the Court or obtaining Defendant's consent.  Because Plaintiffs did

not comply with Fed. R. Civ. P. 15(a), Plaintiffs' Second Amended Complaint is stricken.

**C.     Plaintiffs' Motion for Hearing**

On November 20, 2012, Plaintiffs filed an unopposed Motion for a Hearing on

their pending Motion for Conditional Certification.  (ECF No. 65.)  Because the Court

has determined that it can resolve the Motion on the briefs, Plaintiffs' Motion for Hearing

is denied as moot.

**D.      Plaintiffs' Motion for Conditional Certification**

1. <u>Conditional Certification</u>

Plaintiffs seek conditional collective action certification pursuant to 29 U.S.C. §

206(b).  Plaintiffs define the proposed class as follows:

> ALL CURRENT OR FORMER NON-EXEMPT EMPLOYEES EMPLOYED
> ON OR AFTER NOVEMBER 7, 2008 BY HEALTHONE OF DENVER, INC.
> AT MEDICAL CENTER OF AURORA; PRESBYTERIAN/ ST. LUKE'S
> MEDICAL CENTER; ROSE MEDICAL CENTER; SWEDISH MEDICAL
> CENTER; AND SKY RIDGE MEDICAL CENTER WHO PERFORMED ANY
> JOB THAT REQUIRED THAT PERSON TO CHANGE INTO AND OUT OF
> SCRUBS ON DEFENDANT'S PREMISES WHILE CLOCKING OUT AND/OR
> WHO WERE REQUIRED TO REMAIN ON CALL DURING THEIR UNPAID
> LUNCH BREAKS.

("Proposed Conditional Class").  (ECF No. 38.)  Plaintiffs also seek an order requiring

Defendant to provide Plaintiffs' counsel with the names and last known physical

addresses of all individuals in the Proposed Conditional Class as well as an order

allowing judicial notice of this lawsuit to all putative members of the Proposed

Conditional Class who have not yet joined the action.  (*Id.*)

In response, Defendant argues that Plaintiffs' certification request is inadequate because Plaintiffs have not alleged that they are similarly situated to other employees. (ECF No. 39 at 6-8.)  Defendant also contends that Plaintiffs did not make substantial allegations of practices that affected employees outside of Plaintiff's department at TMCA.  (*Id.* at 8-13.)  Further, Defendant contends that Plaintiffs have put forth insufficient allegations regarding their meal break claim.  (*Id.*)

Collective actions under the FLSA are authorized by 29 U.S.C. § 216(b) in cases where the complaining employees are "similarly situated."  The Tenth Circuit has approved a two-step approach for determining whether plaintiffs are "similarly situated" for purposes of § 216(b).  First, the Court makes an initial "notice stage" determination of whether plaintiffs are "similarly situated," which requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan."  *Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1102-3 (10th Cir. 2001) (internal citation omitted).  The standard for certification at this stage is a lenient one.  *See Williams v. Sprint/United Management Co.*, 222 F.R.D. 483, 485 (D. Kan. 2004).  At the conclusion of discovery, the Court makes a second determination of whether the plaintiffs are "similarly situated" under a stricter standard, which includes analysis of the "disparate factual and employment settings of the individual plaintiffs."  *Thiessen*, 267 F.3d at 1103.

Federal Rule of Civil Procedure 23 – the rule governing class actions in general – is not applicable in the context 29 U.S.C. § 216(b).  *Id.* at 1105.  Therefore, "[t]he court

will not reach the merits of plaintiff's claims on the motion for conditional certification, particularly when defendant's argument is more appropriately raised in a motion to dismiss or a motion for summary judgment." *McCaffrey v. Mortgage Sources, Corp*., 08-cv-2660, 2009 WL 2778085, at *4 (D. Kan. Aug. 27, 2009).  "At the notice stage of certification, we need only consider the substantial allegations of the complaint and any supporting affidavits or declarations." *Gipson v. Southwestern Bell Telephone Co*., 08-cv-2017, 2009 WL 1044941, at *3 (D. Kan. April 20, 2009).

Based on the above legal standard, and after reviewing the applicable documents and briefs filed in connection with Plaintiffs' Motion for Conditional Certification, the Court finds that Plaintiffs have met the standard for conditional collective action certification at this early stage in the proceedings.  Plaintiffs have preliminarily shown that they are similarly situated by pleading their allegations with sufficient specificity and by presenting declarations from current and/or former employees that support their allegations against Defendant.  (ECF Nos. 23; 35, Exs. B-G.)

While Defendant argues that Plaintiffs' claims and judicial notice should be limited only to TMCA's Women's Services group, Plaintiffs have, at this stage of the proceedings, narrowly tailored their Proposed Conditional Class sufficiently to include only those employees who can be said to be "similarly situated" to Plaintiffs based on the lenient standard described above.[5]  At the conditional certification stage, Plaintiffs are not required to show that other putative class members actually exist.  See *Reab v. Electronic Arts*, 214 F.R.D. 623, 628 (D. Colo. 2002).  Therefore, the Court does not

_____

[5]     Defendant's declarations, attached in Support of its Response (ECF No. 39, Exs.1, 2), do not definitively state that Plaintiffs' allegations are only limited to TMCA.

find it necessary at this stage to limit the class to the TMCA's Women's Services group, especially in light of the opt-in nature of these proceedings.  In short, sending the Notice to Defendant's employees in units outside of TMCA's Women's Services Unit does not create a substantial risk that a large number of unqualified employees will receive the Notice.

Based on the law and facts described above, Plaintiffs have fulfilled their minimal statutory burden at this stage and are entitled to the conditional certification of the class.  Therefore, the Court certifies the following Conditional Class which encompasses modifications made within the Court's discretion:

> ALL CURRENT OR FORMER NON-EXEMPT EMPLOYEES EMPLOYED ON OR AFTER NOVEMBER 7, 2008 BY HEALTHONE OF DENVER, INC. AT MEDICAL CENTER OF AURORA; PRESBYTERIAN/ ST. LUKE'S MEDICAL CENTER; ROSE MEDICAL CENTER; SWEDISH MEDICAL CENTER; AND SKY RIDGE MEDICAL CENTER WHO PERFORMED ANY JOB THAT (1) REQUIRED THAT PERSON TO CHANGE INTO AND OUT OF SCRUBS ON DEFENDANT'S PREMISES BEFORE CLOCKING IN AND AFTER CLOCKING OUT; AND/OR (2) WHO WERE REQUIRED TO REMAIN ON CALL AND WERE REQUIRED TO PERFORM WORK DUTIES WHILE CLOCKED OUT ON MEAL BREAKS THAT WERE NOT PAID.

Defendant is ordered to provide Plaintiffs' counsel with the names and last known physical addresses of all individuals in the Conditional Class on or before December 17, 2012.

### 2. Notice to Conditional Class

Once the Court concludes that conditional certification of a FLSA collective action is appropriate, the Court may authorize Plaintiffs to disseminate a proper notice and opt-in consent form to putative class members.  *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989).  The Court has broad discretion regarding the "details" of

the notice sent to potential opt-in plaintiffs.  *Id*. at 171.  "The overarching policies of the FLSA's collective suit provisions require that the proposed notice provide accurate and timely notice concerning the pendency of the collective action, so that [potential plaintiffs] can make informed decisions about whether to participate."  *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011) (internal citations and quotations omitted).

On May 3, 2012, Plaintiffs filed their proposed Notice based on the facts and arguments described above.  (ECF No. 38.)  In its Response to Plaintiffs' Motion for Conditional Certification, Defendant asserted objections and suggested modifications, including: (1) a 45-day response period for punitive class members to return the opt-in form to Plaintiffs' counsel, as opposed to a 90-day period that Plaintiffs request; (2) ending the class period for Plaintiffs' scrub changing claim on October 27, 2011 because Plaintiffs' claim is moot as of that date[6]; and (3) additional class definition changes outlined in their Response brief in order to create a more ascertainable class. (ECF No. 39 at 14-15.)

After considering the parties' arguments regarding the issues described above, the Court will impose a 60-day response period for any Opt-in Plaintiff to return their Notice form to Plaintiffs' counsel.  However, the Court will not require the Notice to state that Plaintiffs' scrub changing claim ends on October 27, 2011, as it is premature at this

---

[6]      A claim is moot when there is no reasonable expectation that the alleged violation of law will recur and interim relief eliminated the effects.  *See, e.g., Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1524 (10th Cir. 1992).

stage of the proceedings to find that such a claim is moot as argued by Defendant.[7]

Finally, the Court amends the Conditional Class definition as described above.

The remainder of the Proposed Notice of Right to Opt-in to Lawsuit (ECF No. 38) is

hereby incorporated by the Court and shall be the Notice sent to putative class members.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.  Plaintiffs' Motion to Supplement their Motion for Conditional Collective Action
    Certification, to Wit, Amending their Proposed Judicial Notice to Class (ECF No.
    49) is DENIED, and this Motion is STRICKEN as an impermissible sur-reply;

2.  Defendant's Motion to Strike, or in the Alternative, Response in Opposition to
    Plaintiffs' Motion to Supplement (ECF No. 52) is GRANTED;

3.   Plaintiffs' Unopposed Motion to Request a Hearing on their Pending Motion for
    Conditional Certification (ECF No. 65) is DENIED AS MOOT;

4.  Plaintiffs' Second Amended Complaint (ECF No. 50) is STRICKEN;

5.  Plaintiffs' Motion for Conditional Collective Action Certification and for Judicial
    Notice to Class (ECF No. 35) is GRANTED IN PART;  a conditional collective
    action is hereby certified consistent with this Order;

6.  Defendant shall provide Plaintiffs' counsel with the names and last known
    physical addresses of all individuals in the Conditional Class by December 17,
    2012; and

---

[7]    Defendant argues that an October 26, 2011 practice clarification moots Plaintiffs'
scrub changing claims as of that date.  (ECF NO. 39 at 14.)  To the extent that Defendant
argues that the Notice encompasses misclassified claims, the Notice presents a fair
representation of Plaintiffs' current claims, although such issues can be revisited at a later time.

7.     Notice consistent with this Order shall be sent to all current and former

employees of Defendant that fit into the conditional class definition who are not

already named Plaintiffs in this action.

Dated this 6th day of December, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge