IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02888-WJM-MJW

LISA STRANSKY,
NATALIE FIORE,
ERIN PEREZ,
HELEN GEIST,
ANGIE VANLENGEN,
BROOKE THOMPSON,
MILDRED HAMILTON and
NICOLE WAGNER,

individually and on behalf of others similarly situated,

Plaintiff(s),

v.

HEALTHONE OF DENVER, INC.,

Defendant(s).

---

**ORDER ON
DEFENDANT'S MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFFS'
REQUEST TO CONDUCT THE F.R.C.P [SIC] 30(B)(6) DEPOSITION OF
DEFENDANT HEALTHONE OF DENVER, INC. (DOCKET NO. 81)
AND
ORDER MODIFYING RULE 16 SCHEDULING ORDER**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter was before the court on January 7, 2013, for hearing on Defendant's

Motion for Protective Order (docket no. 81). The court has reviewed the subject motion

(docket no. 81) and the response (docket no. 84). In addition, the court has taken

judicial notice of the court's file and has considered applicable Federal Rules of Civil

Procedure and case law. The court now being fully informed makes the following

findings of fact, conclusions of law, and order

2

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

3

Fed. R. Civ. P. 26(b)(1). However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004). "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Id. See Fed. R. Civ. P. 26(b) and (c);

5. That on December 14, 2012, Judge Martinez entered his Amended Order which GRANTED IN PART, Plaintiffs' Motion for Collective Action Certification and for Judicial Notice to Class (docket no. 35), and a conditional collective action was certified consistent with the Amended Order (docket no. 74);

6. That as of the date of this Order, the class notification has not been sent out, and the parties are not in agreement regarding the language that should be included in the class notification;

7. That the current Rule 16 Scheduling Order (docket no. 26) was entered by Magistrate Judge Watanabe on March 2, 2012, well before Judge Martinez entered his Amended Order (docket no. 74).

       The Amended Order (docket no. 74) was entered on December 14, 2012. On December 14, 2012, I granted Plaintiff's Motion to Extend Discovery (docket no. 61) until December 31, 2012, to conduct and complete the Rule 30(b)(6) depositions and the deposition of Shawn Palmer. See docket no. 77;

8. That the current Rule 16 Scheduling Order (docket no. 26) addressed only discovery between the named Plaintiffs and Defendant but did not include discovery concerning any opt in Plaintiffs;

9. That Defendant argues that Plaintiff's Rule 30(b)(6) Notice (docket no. 81-1) is overly broad, unduly burdensome, vague, and seeks irrelevant and duplicative discovery. Accordingly, Defendant seeks a protective order consistent with Fed. R. Civ. P. 26(c) and further seeks an award of expenses pursuant to Fed. R. Civ. P. 37(a)(5);

10. That there are 40 separate topics listed by Plaintiffs in the Rule 30(b)(6) Notice (docket no. 81-1). Many of the topics relate to the Kronos system's automatic meal break deduction feature which Defendant argues is irrelevant to this case. See topic nos. 18-24, 27, 29, and 31). Moreover, Defendant argues that some of the topics seek information that is protected by the attorney-client privilege, the work product doctrine, or by other applicable privileges under Fed. R. Evid. 501. In particular, Defendant argues that topic no. 40, which states: "All efforts made by HeathONE to

5

fully and accurately respond to Plaintiffs' written discovery requests and requests for production," is protected by the attorney-client and work product privilege;

11. That Plaintiffs argue that Defendant, as the moving party, has not shown extraordinary circumstances that present a particular and compelling need for a protective order, *citing* Ball Corp. v. Xidex Corp., 705 F. Supp. 1470, 1473 (D. Colo. 1988) (noting the "heavy burden" placed on party requesting order that discovery deposition not proceed). In addition, Plaintiffs argue that a corporation [i.e., Defendant HealthONE of Denver, Inc.] has an affirmative duty to provide a witness who is able to provide binding answers on behalf of the corporation. Ecclesiastes 9:10–11-12, Inc., v. LMC Holding Co., 497 F.3d 1135, 1147 (10th Cir. 2007). Further, plaintiffs argue that a witness may be compelled to bring documents to a deposition by the notice of deposition of a party including a description of the documents. See Lee v. U.S. Dept. of Justice, 287 F. Supp.2d 15, 22 (D.D.C. 2003), *aff'd,* 413 F.3d 53 (D.C. Cir. 2005);

12. That during this hearing on the subject motion (docket no. 81), it was agreed to by the parties that 35,000 pages of written discovery have been provided to Plaintiffs by Defendant. These records were from the five Defendant facilities in question in this case. Further, the parties agreed that each of the five Defendant facilities [i.e.,

6

hospitals] are run separately but have an overall corporate structure overseeing each of these facilities. In other words, each of the five Defendant facilities has its own separate hospital business structure. Each facility has its own facility [hospital] manger, own HR department, etc.;

13. That as to topics 1 through 8, inclusive, in the Plaintiffs' Rule 30(b)(6) Notice (docket no. 81-1), I find these topics to be vague and overly burdensome. During this hearing on the subject motion (docket no. 81), Plaintiffs' counsel **could not** tell me which of the 35,000 pages of discovery that Defendant provided to Plaintiffs that they intend on using during this Rule 30(b)(6) deposition. To ask a Defendant to have someone available without more specificity as to extra pages of discovery is unreasonable and overly burdensome. Accordingly, topics 1 through 8, inclusive, are **STRICKEN**;

14. That as to topics 9 through 14, inclusive, 16, 19, 20, 21, 23, 26 through 39, inclusive, in the Plaintiffs' Rule 30(b)(6) Notice (docket no. 81-1), the Defendant's objections to these topics are overruled except to the extent that the responses to these topics shall be limited to a time from 2008 to the present;

15. That as to topics 15, 17, 18, 22, and 24 in the Plaintiff's Rule 30(b)(6) Notice (docket no. 81-1), I find these topics to be overly broad and unduly burdensome and therefore these topics are

       **STRICKEN**;

16. That as to topic 40 in the Plaintiff's Rule 30(b)(6) Notice (docket no. 81-1), I find this topic is protected by the attorney-client privilege and the work product doctrine and therefore this topic is **STRICKEN**; and

17. That as to Request for Production of Documents ("RFP") [ RFPs numbered 1 through 5, inclusive] at the Deposition Pursuant to F.R.C.P. 30(b)(2), in the Plaintiff's Rule 30(b)(6) Notice (docket no. 81-1), I find that as to RFP no. 1, Defendant shall bring these documents to the Rule 30(b)(6) deposition. As to RFPs nos. 2 through 5, inclusive, I find that Plaintiffs already have these documents [i.e., the 35,000 pages mentioned above in this Order], and therefore Defendant does not have to bring these documents to the Rule 30(b)(6) deposition.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Defendant's Motion for Protective Order (docket no. 81) is **GRANTED IN PART AND DENIED IN PART**. The subject motion (docket no. 81) is **GRANTED** as to topics 1 through 8, inclusive, 15, 17, 18, 22, 24, and 40. The subject motion (docket no. 81) is also **GRANTED** as to RFPs 2 through 5, inclusive. These topics and

       these RFPs are **STRICKEN** from Plaintiff's Rule 30(b)(6) Notice (docket no. 81-1). The subject motion (docket no. 81) is **DENIED** as to topics 9 through 14, inclusive, 16, 19, 20, 21, 23, 26 through 39, inclusive, and as to RFP no. 1. The responses to these topics shall be limited to a time frame from 2008 to the present;

2. That the discovery deadline is extended to February 28, 2013, for the limited purpose of completing the Rule 30(b)(6) deposition of the Defendant. On or before January 23, 2013, Plaintiffs shall provide to Defendant an itemized list of documents [i.e., deposition exhibits] from the 35,000 pages of discovery that Plaintiffs have received from Defendant that they intend to use during the Rule 30(b)(6) deposition so that Defendant can determine a suitable Defendant witness or witnesses to address those topics listed above which the Plaintiff may inquire into during the Rule 30(b)(6) deposition. The Rule 30(b)(6) deposition shall be set no sooner than February 13, 2013, but not later than February 28, 2013;

3, That the dispositive motion deadline of December 21, 2012, is **VACATED**;

4. That the Final Pretrial Conference on February 12, 2013, at 9:00 a.m. is **VACATED**;

5. That a Status Conference is set before Magistrate Judge Watanabe on March 21, 2013, at 9:30 a.m. At the Status Conference, the

9

parties shall be prepared to give this court an update on the status of any opt-in plaintiffs and the court will discuss setting another Rule 16 Scheduling Conference for additional discovery for any opt-in plaintiffs. Counsel shall bring their calendars to this Status Conference; and

6. That each party shall pay their own attorney fees and costs for the subject motion (docket no. 81) since this court finds to award expenses under these circumstances would be unjust.

Done this 11th day of January, 2013.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE