IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02888-WJM-MJW

LISA STRANSKY,
NATALIE FIORE,
ERIN PEREZ,
HELEN GEIST,
ANGIE VANLENGEN,
BROOKE THOMPSON,
MILDRED HAMILTON and
NICOLE WAGNER,

individually and on behalf of others similarly situated,

Plaintiff(s),

v.

HEALTHONE OF DENVER, INC.,

Defendant(s).

## ORDER REGARDING
## PLAINTIFFS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiffs' Motion for Sanctions Pursuant to Fed. R. Civ. P. 37 (docket no. 132). The court has reviewed the subject motion (docket no. 132) and the response (docket no. 139). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

2

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard; and

4. That the Kronos system used by each of the Defendant hospitals is the system that tracks time-keeping, and it does not contain data in "native" electronic spreadsheet format. See Palmer Aff., ¶ 5, attached to Response (docket no. 139) as Exhibit A. Rather, the data's "native" electronic form is a PDF format from the Kronos time card system, which may be printed out by individual pages. For discovery in this case, those PDF pages were converted to TIFF format, Bates stamped, and provided to Plaintiffs, who did not indicate that there was a problem with the production format when delivered, nor did the Plaintiffs inform Defendant that Plaintiffs' expert needed such data in a different format at that time. Instead, Plaintiffs have waited over seven (7) months to now raise a concern over the delivery of such data. Nothing prevented the Plaintiffs from raising this issue much sooner instead of waiting over seven (7) months, which this court finds to be untimely. A lack of communication by Plaintiffs has caused this situation. Absent in Plaintiffs' Motion is any representation by Plaintiffs' counsel that they ever passed Dr. Cohen's [Plaintiffs' expert] request along to

3

Defendant's counsel to have the data delivered to him in a different format. In fact, in the subject motion (docket no. 132) at page 7, Plaintiffs state: "It is true that Plaintiffs' Request for Production No. 9 does not specify the format for the payroll records requested." All Plaintiffs' counsel had to do was to pick up the telephone and call Defendant's attorney and ask that this data be delivered in the format requested by Dr. Cohen. If the Plaintiffs' counsel had done so, this motion would have never had to be filed. Such conduct by Plaintiffs' counsel is a complete failure of the conferral process regarding discovery. Under these facts, Plaintiffs have no basis for any sanctions to be imposed.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiffs' Motion for Sanctions Pursuant to Fed. R. Civ. P. 37 (docket no. 132) is **DENIED**; and
2. That each party shall pay their own attorney fees and costs for this motion.

Done this 17th day of May 2013.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE