**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-02888-WJM-MJW

LISA STRANSKY,
NATALIE FIORE,
ERIN PEREZ,
HELEN GEIST,
ANGELA VANLENGEN,
BROOKE THOMPSON,
MILDRED HAMILTON, and
NICOLE WAGNER,

individually and on behalf of others
similarly situated,

    Plaintiffs,

v.

HEALTHONE OF DENVER, INC.,

    Defendant.

---

**ORDER AWARDING PARTIAL ATTORNEYS' FEES AND COSTS**

---

On March 7, 2013, the Court awarded to Plaintiffs their reasonable attorneys' fees and costs expended as a result of misconduct on the part of counsel for Defendant which was the subject of this Court's Order Granting Plaintiffs' Motion for Injunctive Relief and Denying Plaintiffs' Motion for Contempt.  (ECF No. 120.)  This matter is before the Court on Plaintiffs' Motion for Attorneys' Fees and Costs ("Motion"), specifying the amounts requested.  (ECF No. 126.)  For the reasons set forth below, the Court grants the Motion in part.

## I. BACKGROUND

In this collective action, Plaintiffs Lisa Stransky, Natalie Fiore, Erin Perez, Helen Geist, Angela Vanlengen, Brooke Thompson, Mildred Hamilton, and Nicole Wagner ("Plaintiffs"), individually and on behalf of all others similarly situated, bring claims against Defendant HealthONE of Denver, Inc. ("Defendant") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. Defendant owns and operates hospitals and other healthcare facilities in the Denver, Colorado metropolitan area, and Plaintiffs were all employees of those facilities during the relevant time. (ECF No. 23 ¶¶ 1-2, 26.)

On May 1, 2012, Plaintiffs filed a Motion for Conditional Certification and for judicial notice ("Notice") to all current and former employees of Defendant that fit into Plaintiffs' class definition and have not already joined in this action (the putative "Opt-in Plaintiffs"). (ECF No. 35.) On December 6, 2012, the Court granted conditional certification to the class, and with modifications, adopted Plaintiffs' proposed Notice. (ECF No. 68 at 10-11.) However, the parties continued to disagree regarding the content of the Notice. (ECF No. 87.) On February 14, 2013, the Court held a hearing regarding the Notice and the permissible scope of communication with the Opt-in Plaintiffs, and issued an order from the bench specifying the content of the Notice and the approved manner of distribution. (ECF No. 109.)

On February 22, 2013, Plaintiffs filed an Emergency Motion for a Temporary Restraining Order ("TRO"), after discovering that Defendant had communicated with prospective Opt-in Plaintiffs about the litigation in an allegedly misleading and intimidating way. (ECF No. 97.) Plaintiffs subsequently filed a Motion for Sanctions

with respect to the same communications.  (ECF No. 101.)  The Court ordered that Defendant immediately cease and desist all such communications, and subsequently held a hearing on February 27, 2013 on Plaintiffs' request for relief.  (ECF Nos. 110 & 115.)

On March 7, 2013, the Court issued a ruling finding that Defendants' communications with the prospective Opt-In Plaintiffs were misleading and improper, and ordered remedial measures pursuant to the Court's inherent powers.  (ECF No. 120 at 14-15.)  As a component of the remedial measures, the Court awarded Plaintiffs "all reasonable attorneys' fees and costs incurred as a result of Defendant's conduct . . . includ[ing] the attorneys' fees and costs reasonably incurred by Plaintiffs as a result of their Motion for a TRO, the Motion for Sanctions, and the hearing of February 27, 2013."  (*Id.* at 17.)  The Court then directed Plaintiffs to file the instant Motion with supporting affidavits, specifying the amounts requested.  (*Id.*)

Plaintiffs filed the instant Motion on March 20, 2013.  (ECF No. 126.)  Defendant filed a Response (ECF No. 128), and Plaintiffs filed their Reply (ECF No. 134).  However, because Plaintiffs' Reply was untimely filed, the Court granted Defendant's Motion to Strike.  (ECF Nos. 135 & 136.)  Accordingly, Plaintiffs' Reply has not been considered in the Court's analysis of the Motion.

## II.  DISCUSSION

As noted above, the Court previously found that Plaintiffs were entitled to collect attorneys' fees and costs as a result of Defendant's conduct, and that the amount of such damages was "all expenses incurred up to this point."  (ECF No. 120 at 17.)  As the Court directed, Plaintiffs submitted the instant Motion supported by affidavits from

their attorneys and staff which request an award of $39,855 in attorneys' fees and $2,260.76 in costs.  (ECF No. 126.)  Plaintiffs argue that this award of fees and costs should be borne by both Defendant's counsel and Defendant itself.  (*Id.* at 3-6.)

**A.     Attorneys' Fees**

Both implicit in any award of attorneys' fees, and explicit in the award in the instant case, is the requirement that any such fees must be reasonable.  *See Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986) (party requesting attorneys' fees has burden to "prove and establish the reasonableness of each dollar, each hour, above zero"); *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (prevailing party must make good faith effort to exclude from a fee request any excessive, redundant or otherwise unnecessary hours).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckhardt*, 461 U.S. 424, 433 (1983).  This is commonly referred to as the "lodestar method" for calculating fees.  *Id*.  The best evidence of reasonable fees is "meticulous time records that 'reveal . . . all hours for which compensation is requested and how those hours were allotted to specific tasks.'"  *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (quoting *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983)).  The prevailing party must make a "good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."  *Hensley*, 461 U.S. at 434.  Where such an effort appears "inadequate, the district court may reduce the award accordingly."  *Id.* at 433.

4

Defendant challenges as unreasonable several components of Plaintiffs' requested $39,855 fee award, arguing that it should be reduced by the following amounts:

> 1) the entire $3,750 billed by Zach Elsner because his affidavit does not set forth enough information to determine whether his $375 hourly rate is reasonable, or in the alternative, $2,250 for 6 hours he spent on a memorandum regarding the elements of a TRO that were duplicative and unnecessary, as the Motion for a TRO had already been filed;
>
> 2) $1,825 for 4 hours spent by Colleen Calandra and .5 hour spent by Kyle Bachus on preparing and reviewing exhibits for the February 27, 2013 hearing that were unnecessary because Plaintiffs presented no exhibits at the hearing;
>
> 3) $1,280 for 3.2 hours Ms. Calandra spent attending the February 27, 2013 hearing that were redundant because Mr. Bachus presented all the argument and evidence;
>
> 4) $1,675 for 2.5 hours Ms. Calandra spent and 1.5 hours Mr. Bachus spent preparing a revised Class Notice that was neither requested nor considered by the Court; and
>
> 5) $1,600 for 4 hours Ms. Calandra spent in conferral conversations with Defendant's counsel that were redundant because Mr. Bachus was present in those conferrals and was the primary participant in them.

(ECF No. 128 at 4-5.) In total, Defendant requests that Plaintiffs' fee award be reduced by $10,130.[1]

As the party seeking fees, Plaintiffs bear the burden of providing the required documentation and demonstrating that the fees they request are reasonable. *See Mares*, 801 F.2d at 1201. Where an attorney fails to provide adequate documentation

---

[1] Defendant's Response calculates this number at $11,480, which appears to be an arithmetic error. (*See* ECF No. 128 at 5.)

establishing the reasonableness of its fee request, the Court may properly reduce a fee award. See Jane L., 61 F.3d at 1510. With respect to the $1,280 Ms. Calandra incurred in attendance at the February 27, 2013 hearing, the Court finds that Ms. Calandra's attendance at the hearing was reasonable given that she had argued Plaintiffs' position at the February 14, 2013 hearing and had authored the majority of Plaintiffs' briefs. With respect to the remainder of the challenged fees, the Court finds that Plaintiffs have failed to demonstrate that the fees were reasonable for the reasons cited by Defendant. Accordingly, the Court finds that Plaintiffs' requested fee award should be reduced by $8,850. After this reduction, the Court find that a reasonable fee is $31,005.

**B.      Costs**

Plaintiffs have requested a total of $2,260.76 in costs, comprised of $1,093 in copying and printing costs and $1,167.76 in Westlaw legal research costs. (ECF No. 126-6.) Defendant challenges the copying and printing costs, arguing that Plaintiffs' counsel's rate of 20 cents per page is excessive, but citing only the California Code of Evidence in support of its argument that no more than 10 cents per page is reasonable. (ECF No. 128 at 5.) The Court finds the rate of 20 cents per page to be reasonable, and declines to reduce the cost award for copying and printing costs. The Court further notes that while computer legal research is more properly considered a component of attorneys' fees rather than costs, Defendant did not argue against Plaintiffs' Westlaw expenses, and the Court finds them reasonable. See Sorbo v. United Parcel Serv., 432 F.3d 1169, 1180 (10th Cir. 2005) (holding that expenses for computer legal research may be compensable as fees, but they are not considered costs).

Accordingly, the Court finds Plaintiffs entitled to $2,260.76 in costs, for a total award of $33,265.76 in both fees and costs.

**C.     Who Shall Bear the Expense**

Where fees and costs are awarded due to misconduct of an attorney or a party, "courts should assign costs 'where the fault lies.'" *Sally Beauty Co., Inc. v. Beautyco, Inc.*, 372 F.3d 1186, 1189 (10th Cir. 2004) (quoting *Matter of Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984)). A court's inherent powers provide for discretionary sanctions against counsel or against a party itself, where warranted. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 48 (1991).

Plaintiff argues that both Defendant's counsel and Defendant itself should be liable to pay the award of fees and costs, because both were at fault for the conduct at issue here. (ECF No. 126 at 3-6.) Defendant's counsel argues that it alone should be responsible for the fees and costs, because counsel was responsible for the error in failing to advise Defendant to cease communications with the Opt-In Plaintiffs. (ECF No. 128 at 2.) At the February 27, 2013 hearing, the Court heard testimony that Defendant was not directed to cease such communications, and that Defendant would have complied with any advice of its counsel to do so. (*Id.*)

Given the circumstances, the Court holds that Defendant's counsel, and not Defendant itself, shall be solely responsible for the attorneys' fees and costs incurred as a result of its conduct. Because it was counsel's misapprehension of the Court's order, and the resulting failure to properly advise Defendant, that led to Defendant's inappropriate communications with the Opt-In Plaintiffs, "the fault lies" with counsel.

*Baker*, 744 F.2d at 1440.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS that a reasonable award of attorneys' fees and costs for the work expended by Plaintiffs' counsel is $33,265.76, and that Plaintiffs shall recover this amount from Defendant's counsel, Brownstein Hyatt Farber Schreck, LLP.

Dated this 7th day of November, 2013.

BY THE COURT:

_____
William J. Martinez
United States District Judge