# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Civil Action No. 11-cv-2888-WJM-MJW

LISA STRANSKY,
NATALIE FIORE,
ERIN PEREZ,
HELEN GEIST,
ANGELA VANLENGEN,
BROOKE THOMPSON,
MILDRED HAMILTON, and
NICOLE WAGNER,
individually and on behalf of others
similarly situated,

 Plaintiffs,

v.

HEALTHONE OF DENVER, INC.,

 Defendant.

and

Civil Action No. 14-cv-0042-WJM-KMT

MILDRED BROOKS,
HAYKE CAPERTON,
JASON CAPERTON,
JENNIFER CAYLOR,
ANGELA ELLIOTT,
JAMES FARQUHAR,
CATHY GORDON,
MICHELLE LUGO,
KATHY OKAMATSU,
ANN MARIE UWANDU, and
SALLY ANN WARDLE,

 Plaintiffs,

v.

HEALTHONE OF DENVER, INC.,

 Defendant.

**ORDER DENYING MOTION FOR JOINDER AND
GRANTING MOTION TO CONSOLIDATE**

These actions are brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, by current and former employees of Defendant HealthONE of Denver, Inc. ("Defendant"). Before the Court are two motions filed by Plaintiffs Lisa Stransky, Natalie Fiore, Erin Perez, Helen Geist, Angie Vanlengen, Brooke Thompson, Mildred Hamilton, and Nicole Wagner, individually and behalf of all others similarly situated (collectively "Stransky Plaintiffs"), the plaintiffs in Civil Action No. 11-cv-2888-WJM-MJW (the "Stransky Action"). (ECF Nos. 165 & 186.)[1] The Stransky Plaintiffs move to join in the Stransky Action the plaintiffs in Civil Action No. 14-cv-0042-WJM-KMT (the "Brooks Action"), namely Mildred Brooks, Hayke Caperton, Jason Caperton, Jennifer Caylor, Angela Elliott, James Farquhar, Cathie Gordon, Michelle Lugo, Kathy Okamatsu, Ann Marie Uwandu, and Sally Ann Wardle (collectively "Brooks Plaintiffs"), or alternatively, to consolidate the Stransky and Brooks Actions. (*Id.*) For the reasons set forth below, the Motion for Joinder is DENIED, and the Motion to Consolidate is GRANTED.

## I. BACKGROUND

The Stransky Action was filed on November 7, 2011, as a collective action under the FLSA challenging Defendant's alleged practice of failing to compensate employees for the time spent donning and doffing required hospital scrubs. (ECF No. 1.) The

---

[1] Unless otherwise specified, the Court's references to documents by Electronic Case Filing number are intended to refer to the relevant document in the Stransky Action.

class was conditional certified on December 6, 2012. (ECF No. 68.) On March 7, 2013, the Court approved the Notice to the Conditional Class, and set the postmark deadline for opt-in class members' consent forms at no later than 60 days following the date the Notice was mailed. (ECF No. 120 at 24.) The Notice was mailed to potential class members on May 13, 2013. (ECF No. 169-1.) Therefore, the consent forms were required to be postmarked on or before July 12, 2013 in order to be timely under the Court's Order. (*See* ECF No. 120.)

At a Status Conference on August 22, 2013, Plaintiffs' counsel[2] stated that 12 or 13 opt-in plaintiffs had returned late consent forms, and the Stransky Plaintiffs sought to join those late opt-in plaintiffs to the action. (ECF No. 170 p. 54.) On November 20, 2013, the Stransky Plaintiffs filed 11 late consent forms and an accompanying Motion to Join Potential Opt-In Plaintiffs Pursuant to Fed. R. Civ. P. 20(a)(1) ("Motion for Joinder"). (ECF Nos. 164 & 165 (Brooks Plaintiffs' names omitted).) Defendant filed a Response opposing the Motion for Joinder (ECF No. 169) and the Stransky Plaintiffs filed a Reply (ECF No. 172).

While the Motion for Joinder was pending, Plaintiffs' counsel filed 11 separate complaints in the Stransky Action, one on behalf of each of the late opt-in plaintiffs sought to be joined. (ECF Nos. 173-84.) These complaints were re-filed as 11 separate cases, and were later merged into the Brooks Action. (No. 14-cv-0042 ECF No. 6.) On January 14, 2014, the Stransky Plaintiffs filed a Motion to Reassign Related

---

[2] As the Stransky Plaintiffs and the Brooks Plaintiffs are represented by the same counsel, Bachus & Schanker, LLC-Denver, the Court will refer to them jointly as "Plaintiffs' counsel".

Cases for the Purpose of Judicial Economy and/or Consolidate Related Cases Pursuant to Fed. R. Civ. P. 42 (the "Motion to Consolidate").  (ECF No. 186.)  At a Status Conference on January 22, 2014, Defendant's counsel stated that Defendant did not oppose the Motion to Consolidate.  (ECF No. 198 p. 11:20-22 (agreeing that "[i]f the Court determines not to add [the Brooks Plaintiffs] as late opt-ins and they proceed individually, we agree that it would make sense that they be consolidated for the purposes of administration.").)  Accordingly, Defendant filed no Response to the Motion to Consolidate.

On March 26, 2014, while both motions were pending, the Brooks Plaintiffs filed a Motion to Reassign the Brooks Action to U.S. Magistrate Judge Michael J. Watanabe, who is assigned to the Stransky Action.  (No. 14-cv-0042, ECF No. 9.)  Defendant opposed the Motion to Reassign as premature and duplicative of the Motion to Consolidate.  (No. 14-cv-0042, ECF No. 14.)  On March 27, 2014, Defendant filed a Motion to Stay Proceedings and Request for Expedited Consideration in the Brooks Action, asking for a stay of the Brooks Action pending resolution of the Motion for Joinder and the Motion to Consolidate.  (No. 14-cv-0042, ECF No. 12.)  The Court granted a stay of Defendant's deadline to file an answer or responsive pleading in the Brooks Action.  (No. 14-cv-0042, ECF No. 13.)  The Brooks Plaintiffs opposed the Motion to Stay.  (No. 14-cv-0042, ECF No. 15.)

All four pending motions are now ripe for disposition.

## II.  JOINDER

The FLSA provides that "[n]o employee shall be a party plaintiff to any such [collective] action unless he gives his consent in writing to become such a party and

4

such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). However, the FLSA does not prescribe a time period within which proof of such consent must be filed. *See id.* Rather, the FLSA grants to a district court "the requisite procedural authority . . . [and] managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170-71 (1989). Pursuant to this responsibility, and in accordance with the Court's order that the opt-in Notice Period be 60 days, the Court-approved Notice to the Conditional Class in the Stransky Action contained language providing that "[y]our completed Consent to Sue form . . . must be postmarked by [July 12, 2013][3], in order to be eligible to participate in the lawsuit." (ECF No. 120 at 24, Appx. B p. 5.)

The parties here do not dispute that the Brooks Plaintiffs' consent forms were filed on November 20, 2013, four months after the postmark deadline had passed. (*See* ECF No. 163-64.) Although Plaintiffs' counsel did not file the consent forms' postmarks, all 11 of the Brooks Plaintiffs' signatures on their consent forms are dated after the postmark deadline. (ECF No. 164.) Rather, the Stransky Plaintiffs contend that the Brooks Plaintiffs should be permitted to join the Stransky Action because good cause exists for the late submissions. (ECF No. 165 at 5-6.) Alternatively, the Stransky

---

[3] The Court-approved Notice contained a date that the parties were instructed to modify in accordance with the date of mailing. (ECF No. 120 at 24, Appx. B p. 5.) Defendant notes in its briefing that although the Class Action Administrators advised Defendant that the Notice was mailed on May 13, 2013, not all consent forms contained the same date, and some consent forms contained the date July 9, 2013. (ECF No. 169 at 3 n.2.) However, as the Stransky Plaintiffs do not object to Defendant's characterization of July 12, 2013 as the opt-in deadline, and the precise date is not relevant for the Court's analysis here, the Court will accept the Class Action Administrators' representation and consider July 12, 2013 as the correct deadline for the purposes of evaluating joinder.

Plaintiffs argue that joinder is permissible because the late consent forms were filed prior to the deadline to join parties and amend pleadings, which expired on November 22, 2013.  (*Id.* at 7.)

The Court has little difficulty rejecting the second argument with respect to the deadline to join parties and amend pleadings.  The Stransky Plaintiffs explicitly seek to include the Brooks Plaintiffs as members of the conditional class, and thus the deadline to submit their consent forms applies to the Brooks Plaintiffs as opt-in plaintiffs. Plaintiffs' counsel was made aware of the 60-day Notice Period on March 7, 2013 at the latest, when the Notice to the Conditional Class was approved.  (*See* ECF No. 120.) Furthermore, Magistrate Judge Watanabe properly advised Plaintiffs' counsel not to rely on the deadline to join parties, and instead to file a motion before this Court to permit any late opt-in plaintiffs to join.  (ECF No. 170 at 54-55.)  Pursuant to this Court's authority to manage this FLSA collective action, and given the prior Orders in this case, Plaintiffs' counsel was on notice that the opt-in deadline—not the deadline to join parties—was the operative deadline to permit potential class members to opt to join the class.  *See Hoffman-La Roche*, 493 U.S. at 170-71.  Accordingly, the Brooks Plaintiffs' failure to meet that deadline must be excused if they are to join the Stransky Action.

The parties dispute the standard this Court should apply in evaluating whether to permit the Brooks Plaintiffs to join the conditional class.  While Plaintiffs' counsel urges the Court to allow for joinder based on a finding of good cause, Defendant argues that an excusable neglect standard applies under Federal Rule of Civil Procedure 6(b)(1)(B).  (ECF Nos. 165 at 5-7; 169 at 7-13.)  Neither party cites controlling case law on the issue.  However, after review of the relevant persuasive authorities, the Court

concludes that because the Motion for Joinder was filed after the opt-in deadline had passed, Rule 6(b)(1)(B) applies to Plaintiffs' counsel's request to extend that deadline, and therefore Plaintiffs' counsel must show that it failed to meet the deadline because of excusable neglect.  *See Scott v. Raudin McCormick, Inc.*, 2010 WL 3125955, at *1-2 (D. Kan. Aug. 6, 2010) (applying excusable neglect standard to late opt-in plaintiffs in an FLSA collective action); *Courtright v. Bd. of Cnty. Comm'rs*, 2009 WL 2916897 (W.D. Okla. Sept. 4, 2009) (same).

"Excusable neglect" generally applies to "inadvertent delays," as "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect . . . ."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993).  However, "it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant," thereby permitting neglect caused by attorney inadvertence to be excusable under mitigating circumstances.  *Id.* (internal citations omitted).  To determine whether a movant has shown excusable neglect, courts consider "[1] the danger of prejudice to the opposing party, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith."  *Schupper v. Edie*, 193 F. App'x 744, 746 (10th Cir. 2006) (quoting *Pioneer Inv. Servs.*, 507 U.S. at 395) (brackets omitted).

With respect to the danger of prejudice to Defendant, the Court finds that this factor does not weigh heavily in either direction.  Although Defendant contends that

7

repeating discovery with respect to the Brooks Plaintiffs' claims will be burdensome (*see* ECF No. 169 at 12-13), such discovery will be required regardless of whether the Brooks Plaintiffs are joined, consolidated, or proceed in an independent case. In fact, proceeding with such discovery within the Stransky Action after joinder or consolidation may be *more* efficient than performing it in a separately managed matter. Accordingly, without dismissing the likelihood of prejudice to Defendant, the Court gives little weight to this factor given the particular circumstances of these cases.

As to the other factors—namely, the length of the delay, the reason for it, whether such reason was within Plaintiffs' counsel's control, and the existence of good faith—the Court finds that these factors weigh against permitting late joinder. Plaintiffs' counsel asserts that the delay stems primarily from the Brooks Plaintiffs' delays in returning their consent forms and in responding to counsel's calls, and that the remainder of the delay was the result of counsel's due diligence investigating the Brooks Plaintiffs' claims. (ECF Nos. 165 at 6; 172 at 6.) In support of this argument, Plaintiffs' counsel cites numerous cases from other district courts finding that good cause existed to permit late opt-ins to join collective actions. (ECF No. 165 at 5.)

The Court has reviewed the authority cited by Plaintiffs' counsel, and finds that the majority of the courts permitting late opt-ins to join collective actions were faced with a filing delay of approximately one month. *See Heaps v. Safelite Solutions, LLC*, 2011 WL 6749053, at *1 (S.D. Ohio) (one month) (citing *Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d 30, 37 (N.D.N.Y. 2009) (one month)); *Ayers v. SGS Control Servs., Inc.*, 2007 WL 3171342, at *4-5 (S.D.N.Y. Oct. 9, 2007) (less than one month); *Monroe v. United*

*Air Lines, Inc.*, 94 F.R.D. 304, 305 (N.D. Ill. 1982) (one month); *but see Robinson-Smith v. Gov't Empl. Ins. Co.*, 424 F. Supp. 2d 117, 123–24 (D.D.C. 2006) (permitting joinder of late opt-ins who timely mailed consent forms to counsel but which forms were not filed, but refusing to toll the statute of limitations as to them).  Plaintiffs' counsel's four-month delay in filing the consent forms here stands in stark contrast to the majority of these cases, and counsel offers no explanation for the length of the delay.

Furthermore, Plaintiffs' counsel was aware of the late consent forms as early as August 22, 2013, when the issue was raised before the Magistrate Judge, but failed to file them with the Court or move for joinder until November 20, 2013.  (*See* ECF Nos. 165; 170 at 54.)  Under the FLSA, a party has not joined the class until his written consent is "filed in the court in which such action is brought."  29 U.S.C. § 216(b).  Plaintiffs' counsel's difficulty contacting the Brooks Plaintiffs and investigation of the claims—which presumably was already occurring prior to August 22, 2013—should not reasonably have delayed the filing of all 11 consent forms for three additional months.  Plaintiffs' counsel provides no reason sufficiently justifying the inordinate length of this delay, and fails to demonstrate that it was out of counsel's control or that it was due to inadvertence or mistake.  *See Pioneer Inv. Servs.*, 507 U.S. at 395.  As a result, the Court finds that such delay was caused either by Plaintiffs' counsel's own lack of diligence, or lack of a good faith attempt to comply with the Court's Orders.  The Court concludes, therefore, that such neglect was not excusable.

Because Plaintiffs' counsel has failed to demonstrate that the untimely filed consent forms (ECF No. 164) should be accepted as timely, the Motion for Joinder is denied.

## III. CONSOLIDATION

Federal Rule of Civil Procedure 42(a) provides that consolidation is appropriate when the actions involve common questions of law or fact:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). Consolidation is committed to the sound discretion of the trial court. *Gillette Motor Transp. v. N. Okla. Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950). "The purpose of Rule 42(a) is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Skaggs v. Level 3 Commc'ns, Inc.*, 2009 WL 458682, at *1 (D. Colo. Feb. 24, 2009) (quotations omitted).

Pursuant to Rule 42(a) and D.C.COLO.LCivR 7.5E, the Court finds that the Stransky and Brooks Actions involve common questions of law or fact, including the same Defendant and common claims under the FLSA. The Court finds that consolidation of these two cases will avoid unnecessary costs and delays. Furthermore, the Court notes that consolidation is not opposed by any party to either of the actions. (*See* ECF Nos. 186; 198 at 11:20-22.)

Accordingly, the Court orders that the above-captioned cases are consolidated and, to the extent they are assigned to different judges, should be reassigned to the undersigned as the District Judge and Magistrate Judge Watanabe. The consolidated cases shall be known as Civil Action No. 11-cv-2888-WJM-MJW.

Because this Order reassigns both cases to Magistrate Judge Watanabe, the Brooks Plaintiffs' Motion to Reassign Case (No. 14-cv-0042, ECF No. 9) is moot.  As this Order resolves both the Motion for Joinder and the Motion to Consolidate, Defendant's Motion to Stay the Brooks Action pending the resolution of these motions (No. 14-cv-0042, ECF No. 12) is also moot.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Stransky Plaintiffs' Motion to Join Potential Opt-In Plaintiffs (ECF No. 165) is DENIED;

2. The Stransky Plaintiffs' Motion to Reassign Related Cases and/or to Consolidate Related Cases (ECF No. 186) is GRANTED;

3. Civil Action No. 11-cv-2888-WJM-MJW and Civil Action No. 14-cv-0042-WJM-KMT are CONSOLIDATED;

4. Civil Action No. 11-cv-2888-WJM-MJW shall be the lead case and all future filings shall be made in this action;

5. Magistrate Judge Michael J. Watanabe shall be assigned to both of the consolidated actions, and the cases shall henceforth be numbered as **Civil Action No. 11-cv-2888-WJM-MJW and Civil Action No. 14-cv-0042-WJM-MJW;**

6. The Brooks Plaintiffs' Motion to Reassign Case (No. 14-cv-0042, ECF No. 9) is DENIED AS MOOT;

7.      Defendant's Motion to Stay Proceedings (No. 14-cv-0042, ECF No. 12) pending the resolution of the joinder and consolidation motions is DENIED AS MOOT;

8.      Defendant shall file an answer or responsive pleading to the Amended Complaint in the Brooks Action on or before April 18, 2014; and

9.      The Clerk shall docket a copy of this Order in Civil Action No. 14-cv-0042-WJM-MJW.

Dated this 3rd day of April, 2014.

BY THE COURT:

William J. Martinez
United States District Judge