IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02888-WJM-MJW

LISA STRANSKY,
NATALIE FIORE,
ERIN PEREZ,
HELEN GEIST,
ANGELA VANLENGEN,
BROOKE THOMPSON,
MILDRED HAMILTON, and
NICOLE WAGNER,
individually and on behalf of others
similarly situated,

Plaintiffs,

v.

HEALTHONE OF DENVER, INC.,

Defendant.

and

Civil Action No. 14-cv-0042-WJM-MJW

MILDRED BROOKS,
HAYKE CAPERTON,
JASON CAPERTON,
JENNIFER CAYLOR,
ANGELA ELLIOTT,
JAMES FARQUHAR,
CATHY GORDON,
MICHELLE LUGO,
KATHY OKAMATSU,
ANN MARIE UWANDU, and
SALLY ANN WARDLE,

Plaintiffs,

v.

HEALTHONE OF DENVER, INC.,

2

Defendant.

---

# RECOMMENDATION
## OF DISMISSAL AS TO TWELVE OPT-IN PLAINTIFFS FOR FAILURE TO PROSECUTE, FAILURE TO APPEAR, AND FAILURE TO COMPLY WITH COURT ORDERS

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case entered by

Judge William J. Martinez on November 10, 2011 (Docket No. 2).

In a Minute Order entered on March 13, 2014 (Docket No. 199), this court stated:

> It is hereby ORDERED that the following Opt-In Plaintiffs -  Daniel
> H. Alley II, Rosemary Amoako, Stefanie M. Bailey, Angela M. Bassett,
> Dillon Joseph Egan, Marisol L. Flores, Denay Ann Jimenez, Ilena J.
> Kantor, Christy M. Kroll, Mary L. Malone, Suzanna L. Miller, Damon W.
> Phelps, Elizabeth Maria Pielka, John Rivera, Aurora Marie Shinn, Deneen
> Lashawn Diehl, Janet Louise Daris, and Patricia Edna Smith -
> shall contact their counsel, J. Kyle Bachus, Esquire, immediately and
> provide Mr. Bachus with their Fed. R. Civ. P. 26(a)(1) disclosures and with
> full and complete responses to requests for production of documents.
> Each of these Opt-In Plaintiffs above shall provide to Defendant their Rule
> 26(a)(1) disclosures and full and complete responses to requests for
> production of documents on or before April 14, 2014.   **Failure to comply
> with this Order may very well result in the imposition of sanctions,
> including dismissal of their claim(s) with prejudice.**
>
> It is further ORDERED that plaintiffs' counsel, J. Kyle Bachus,
> Esquire, shall immediately serve a copy of this Minute Order on each opt-
> in plaintiff listed above.

(Docket No. 199) (emphasis in original).  Plaintiffs' counsel filed Returns of Service

regarding service on the above-named opt-in plaintiffs as directed in Docket No. 199.

(Docket Nos. 204 and 205).  Notably, eight of these plaintiffs could not be served,

namely, Rosemary Amoako (tenant did not know her), Deneen Diehl (vacant location),

3

Christy Kroll (resident who was not Kroll had lived there for four months), Suzanna

Miller (not known at that address - new tenants and owners of property), Aurora Marie

Shinn (no one at residence for days with flyers stuck in the door), Patricia Edna Smith

(no one home for days - house appeared to be not recently occupied), Denay Jimenez

(no longer lives at that address), and John Rivera (who said he knew nothing about this,

would not agree to meet the person serving the document, and hung up the telephone

when calls were made to him).  (Docket No. 205-1).

During a Status Conference held on May 22, 2014, the court was advised that

the following sixteen opt-in plaintiffs did not comply with that Minute Order:

1. Daniel Alley II, 2. Stefanie Bailey, 3. Deneen Diehl, 4. Dillon Egan, 5. Marisol Flores,

6. Denay Jimenez, 7. Illena Kantor, 8. Christy Kroll, 9. Mary Malone, 10. Suzanna Miller,

11. Damon Phelps, 12. Elizabeth Pielka, 13. John Rivera, 14. Aurora Shinn, 15. Janet

("Daris") Davis, and 16. Patricia Smith.

Consequently, on May 27, 2014, this court issued an Order to Show Cause

(Docket No. 213) in which a Show Cause Hearing was set on June 11, 2014, at 10:00

a.m. at which those sixteen opt-in plaintiffs were directed to appear in person and show

cause why sanctions should not be imposed, including dismissal of their claims, and

why a finding and order of contempt should not be entered, pursuant to Fed. R. Civ. P.

16(f) and/or 41(b) and D.C.COLO.LCivR 41.1, based upon their failure to comply with

this court's order.  The court further ordered, however, that any of those opt-in plaintiffs

who fully complied with the court's Minute Order entered on March 13, 2014 (Docket

No. 199) prior to the Show Cause Hearing set on June 11, 2014, at 10:00 a.m., would

not have to appear for the Show Cause Hearing.

4

The court mailed a copy of that Order to Show Cause to each of the sixteen opt-in plaintiffs at the addresses provided to the court by plaintiffs' counsel.  (See Docket Nos. 216 and 217).  Two of those mailings were returned to the court as undeliverable by the U.S. Postal Service, namely, those addressed to Denay Jimenez and John Rivera, who also could not be served with the March 13 Minute Order.  (See Docket Nos. 221 and 222).  None of the sixteen opt-in plaintiffs appeared at the June 11 Show Cause Hearing.  (See Docket No. 225 - Courtroom Minutes/Minute Order).  At that hearing, this court found that the Order to Show Cause was deemed satisfied and vacated as to four plaintiffs - Elizabeth Pielka (who has provided discovery responses), Patricia Smith (who has provided discovery responses), Mary Malone (who filed a Notice of Voluntary Dismissal - Docket No. 224, filed June 10, 2014), and Janet (Daris) Davis (who has provided partial discovery responses).  However, with respect to the twelve remaining non-compliant opt-in plaintiffs, it is recommended that they be dismissed from the case.  They have failed to comply with the court's order concerning providing the discovery responses and with the court's order to appear for the Show Cause Hearing.  While the Postal Service returned the Order to Show Cause sent to two of the plaintiffs (Denay Jimenez and John Rivera), who also could not be served a copy of the March 13 Minute Order, they have not provided a new address to counsel or the court.

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule

19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  Furthermore, Rule 16(f) provides in pertinent part that "[o]n

motion or on its own, the court may issue any just orders, including those authorized by

Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or

other pretrial order."  Fed. R. Civ. P. 16(f).  Rule 37(b)(2)(A) (ii)-(vii), which is referenced

in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) **dismissing the action or proceeding in whole or in part**;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).  In addition, Local Rule 41.1

provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or court order.  If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Based upon the foregoing, it is hereby

**RECOMMENDED** that the case be dismissed pursuant to Fed. R. Civ. P. 16(f)

and/or 41(b) and D.C.COLO.LCivR 41.1 as against the following opt-in plaintiffs based

upon their failure to prosecute, failure appear, and failure to comply with court orders:

1. Daniel Alley II, 2. Stefanie Bailey, 3. Deneen Diehl, 4. Dillon Egan a/k/a Joseph Dillon,

5. Marisol Flores, 6. Denay Jimenez, 7. Illena Kantor, 8. Christy Kroll, 9. Suzanna Miller,

10. Damon Phelps, 11. John Rivera, and 12. Aurora Shinn.

It is further **ORDERED** that the Clerk of Court shall mail a copy of this

Recommendation to each of the twelve opt-in plaintiffs listed in the above recommended

paragraph at the addresses provided to the court by plaintiffs' counsel.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:  June 13, 2014
        Denver, Colorado

s/ Michael J. Watanabe
Michael J. Watanabe
United States Magistrate Judge