IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02888-WJM-MJW

LISA STRANSKY,
NATALIE FIORE,
ERIN PEREZ,
HELEN GEIST,
ANGELA VANLENGEN,
BROOKE THOMPSON,
MILDRED HAMILTON, and
NICOLE WAGNER,
individually and on behalf of others
similarly situated,

Plaintiffs,

v.

HEALTHONE OF DENVER, INC.,

Defendant.

and

Civil Action No. 14-cv-0042-WJM-MJW

MILDRED BROOKS,
HAYKE CAPERTON,
JASON CAPERTON,
JENNIFER CAYLOR,
ANGELA ELLIOTT,
JAMES FARQUHAR,
CATHY GORDON,
MICHELLE LUGO,
KATHY OKAMATSU,
ANN MARIE UWANDU, and
SALLY ANN WARDLE,

Plaintiffs,

v.

HEALTHONE OF DENVER, INC.,

2

Defendant.

---

# RECOMMENDATION
## OF DISMISSAL AS TO CERTAIN OPT-IN PLAINTIFFS FOR FAILURE TO PROSECUTE, FAILURE TO APPEAR, AND FAILURE TO COMPLY WITH COURT ORDERS

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case entered by Judge William J. Martinez on November 10, 2011 (Docket No. 2).

In an Order to Show Cause entered on November 14, 2014 (Docket No. 287), this court set a Show Cause Hearing on December 19, 2014, at 9:00 a.m. at which the Opt-In Plaintiffs listed in Docket No. 286 were directed to appear in person and shall show cause why sanctions should not be imposed against them, which could include dismissal of their claims in this action, based upon their failure to either not yet submit Verified Responses to Stock and/or Individualized Interrogatories or not yet submit Verifications to Stock and/or Individualized Interrogatory as required by Fed. R. Civ. P. 33(b)(1)(B)(3).  These parties were advised of the provisions of Fed. R. Civ. P. 41(b) and Local Rule 41.1.  In addition, they were advised that their failure to appear at the hearing may very well result in the imposition of sanctions, which could include dismissal of their claims with prejudice.  Furthermore, they were informed that any of the 24 Plaintiffs listed in Section A of Docket No. 286 who submit to their counsel their Verified Interrogatory Responses prior to the Show Cause Hearing and any of the 39

3

Plaintiffs listed in Section B of Docket No. 286 who return Verifications to their counsel prior to the Show Cause Hearing need not appear at the Show Cause Hearing.

At the Show Cause Hearing, defendant provided the court with an updated list detailing the 15 plaintiffs who have failed to submit verified interrogatory response and the 21 plaintiffs who have failed to return their interrogatory response verifications as required by Fed. R. Civ. P. 33(b)(1)(B)(3) (see Docket No. 297 - Update List of Plaintiffs). None of these plaintiffs appeared at the Show Cause Hearing as directed. They had been sent a copy of the Order to Show Cause (Docket No. 287) and Docket No. 286 by their counsel by regular U.S. Mail and Electronic Mail. (Docket No. 290).

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;

4

> (v) **dismissing the action or proceeding in whole or in part**;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added). In addition, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or court order. If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Based upon the foregoing, it is hereby

**RECOMMENDED** that the case be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) and D.C.COLO.LCivR 41.1 as against the following opt-in plaintiffs based upon their failure to prosecute, failure appear, and failure to comply with court orders: Melanie Armijo, Nancy Betzen, Kathleen Burke, Debra Coaty, Donald Ederer, Cindy Hang, Kristi Lambert, Bernadette Lujan, Tammy Mahoney, Erish Major, Jr., Shawna Redman, Sarah Smith, Phylis Solnick, Lysandra Ybarra, Jacqueline Zelaya, Jay Abbit, Robert Armijo, Dan Decker, Tricia Duran, Cherry Fiano, Lisa Galbraith, Dixie Garden, Tiffany Greenwald, Sarah Johnson, Joyce Jones, Tina Nelson, Dawn Norlund, Raquel Rodriguez, Loretta Sanders, Anna Schubert, Christopher Sheeder, Jason Sweazy, Ann Marie Uwandu, Calvin West, Alton Williams, and Brenda Young, who are listed in Docket No. 297.

5

It is further **ORDERED** that Plaintiffs' Counsel shall forthwith send by regular U.S. and electronic mail a copy of this Recommendation and a copy of Docket No. 297 to each of the plaintiffs listed in the above recommended paragraph.  Plaintiffs' counsel shall file a certificate of mailing with the court**.**

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:   December 19, 2014              s/ Michael J. Watanabe
         Denver, Colorado                Michael J. Watanabe
                                         United States Magistrate Judge