**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-2888-WJM-MJW

LISA STRANSKY,
NATALIE FIORE,
ERIN PEREZ,
HELEN GEIST,
ANGELA VANLENGEN,
BROOKE THOMPSON,
MILDRED HAMILTON, and
NICOLE WAGNER,
individually and on behalf of others similarly situated,

      Plaintiffs,

v.

HEALTHONE OF DENVER, INC.

      Defendant.

and

Civil Action No. 14-cv-0042-WJM-MJW

MILDRED BROOKS,
HAYKE CAPERTON,
JASON CAPERTON,
JENNIFER CAYLOR,
ANGELA ELLIOTT,
CATHY GORDON,
MICHELLE LUGO, and
SALLY ANN WARDLE,

      Plaintiffs,

v.

HEALTHONE OF DENVER, INC.,

      Defendant.

**ORDER PRELIMINARILY APPROVING SETTLEMENT**

This Court, having received, reviewed and considered the parties' Joint Motion for Approval of Settlement Agreement (ECF No. 310), and having reviewed the Agreement and being fully advised of the premises therein, hereby FINDS and ORDERS as follows:

1. The Court finds that the Legal Notice of Settlement (the "Notice"), substantially in the form attached as Exhibit D to the Settlement Agreement (ECF No. 311-4), and the distribution of the Notice as set forth in the Agreement, constitutes reasonable notice under the circumstances and is reasonably calculated to apprise all Plaintiffs of the terms of the proposed Settlement Agreement, and the right to object to the Settlement Agreement and to appear at a fairness hearing. The Court further finds that the Notice constitutes due, adequate and sufficient notice to all persons entitled to receive the Notice and meets the requirements of due process.

2. The Court preliminarily finds that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–54 (11th Cir. 1982). Accordingly, the Joint Motion for Approval of Settlement Agreement (ECF No. 310) is GRANTED to the extent that it seeks a hearing and preliminary approval of the settlement, and the Settlement Agreement is PRELIMINARILY APPROVED.

3.  This Court hereby SETS a hearing to ascertain the fairness of the parties' settlement ("Fairness Hearing"), to be held on October 6, 2015, at 2:00 p.m. in Courtroom A801 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294-3589. At or following this hearing, the Court will take the following action:

    a.  Determine whether the Settlement, on the terms and conditions provided for in the Agreement, is fair, reasonable, and equitable to all concerned parties;

    b.  Determine whether the Court should finally approve the Settlement, rule on the pending Motion for Order to Decertify (ECF No. 307) in accordance with the Settlement, and enter an order dismissing the Action with prejudice and extinguishing and releasing the claims as set forth therein;

    c.  Hear and determine any objections to the Settlement;

    d.  Hear argument on and consider Plaintiffs' Motion for Attorneys' Fees (ECF No. 312); and

    e.  Rule on such other matters as the Court may deem appropriate.

4.  The Court DIRECTS that, in accordance with the terms and conditions of the Settlement Agreement, Class Action Administration ("CAA") shall distribute the approved Notices to all Plaintiffs, as follows: within ten days of the date of this Order, CAA shall mail the completed Notice, by first-class mail, to all Plaintiffs, including Opt-in Plaintiffs, in the above-captioned cases. Prior to distribution, Plaintiffs' Counsel shall modify the Notice to fill all relevant blank spaces as

appropriate and to state that Plaintiffs must submit their written objections to CAA by July 3, 2015, which, pursuant to the Settlement Agreement, is not more than thirty-five days from the mailing of the Notices to Plaintiffs.

5. In the event CAA encounters any difficulty communicating with Plaintiffs and Opt-in Plaintiffs, and specifically with delivering the Court-ordered Notice of Settlement, Plaintiffs' Counsel shall take all reasonable steps to obtain the correct address of any individual for whom a Notice is returned by the post office as undeliverable. These reasonable steps include telephoning individuals at their last known phone numbers, contacting them through last known e-mail addresses, and trying to obtain forwarding addresses from the U.S. Postal Service. CAA shall notify Defendant's Counsel and Plaintiffs' Counsel of any Notice that is returned as undeliverable after the first mailing, as well as any such Notice returned as undeliverable after any subsequent mailing(s) as set forth in the Settlement Agreement.

6. The Court further ORDERS that Plaintiffs and Opt-in Plaintiffs may present any objections in person at the Fairness Hearing, or may send written objections to CAA in advance of the Fairness Hearing, in accordance with the terms set forth in the Notice. CAA is DIRECTED to forward all written objections to Defendant's and Plaintiffs' Counsel within three business days after receiving them.

7. Not less than five days prior to the Fairness Hearing, Plaintiffs' Counsel are DIRECTED to file with this Court a written certification to include: (1) confirmation that Notices were sent to all Plaintiffs and Opt-in Plaintiffs; (2) identification of any Plaintiffs and Opt-in Plaintiffs to whom the Notices could not be delivered; (3) a

      description of the attempts made to ensure that all Plaintiffs and Opt-in Plaintiffs received the Notice; (4) identification of all Plaintiffs or Opt-in Plaintiffs who submitted written objections to the Settlement Agreement and when the objections were received; and (5) an attachment comprising all written objections timely submitted.

8. At the Fairness Hearing, the Parties must be prepared to address any objections and discuss any effect they may have on final approval of the Settlement.

Dated this 27th day of May, 2015.

BY THE COURT:

_____
William J. Martínez
United States District Judge

5