**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-2888-WJM-MJW

LISA STRANSKY,
NATALIE FIORE,
ERIN PEREZ,
HELEN GEIST,
ANGELA VANLENGEN,
BROOKE THOMPSON,
MILDRED HAMILTON, and
NICOLE WAGNER,
individually and on behalf of others similarly situated,

      Plaintiffs,

v.

HEALTHONE OF DENVER, INC.

      Defendant.

---

Civil Action No. 14-cv-0042-WJM-MJW

MILDRED BROOKS,
HAYKE CAPERTON,
JASON CAPERTON,
JENNIFER CAYLOR,
ANGELA ELLIOTT,
CATHY GORDON,
MICHELLE LUGO, and
SALLY ANN WARDLE,

      Plaintiffs,

v.

HEALTHONE OF DENVER, INC.,

      Defendant.

---

**AMENDED ORDER GRANTING JOINT MOTION FOR APPROVAL OF SETTLEMENT
AGREEMENT AND GRANTING PLAINTIFFS' UNOPPOSED PETITION FOR
REASONABLE ATTORNEYS' FEES AND COSTS**

---

On May 27, 2015, the Court entered an Order preliminarily approving the

proposed Settlement of this action, approving and directing notice to the class

members, and setting a final fairness hearing on the settlement.  (ECF No. 315.)  The

Court held a fairness hearing on October 6, 2015.  (ECF No. 323.)  Having considered

the arguments raised in the briefs and at the hearing, and for the reasons set forth

below, the Court grants the Joint Motion for Approval of Settlement Agreement (ECF

No. 310) and Plaintiffs' Petition for Reasonable Attorneys' Fees and Costs (ECF No.

312).

## I.  FACTUAL AND PROCEDURAL BACKGROUND

This case was filed on November 7, 2011 as a putative Fair Labor Standards Act

("FLSA") collective action brought by Lisa Stransky and Natalie Fiore on behalf of

themselves and all other non-exempt employees of HealthONE of Denver, Inc., who

were allegedly not paid for required donning and doffing and meal periods during the

relevant time period.  (ECF No. 1.)  Plaintiffs amended their complaint on February 23,

2012, adding additional named plaintiffs.  (ECF No. 23.)  The Court conditionally

certified the class on December 6, 2012.  (ECF No. 68.)

On February 22, 2013, Plaintiffs filed an Emergency Motion for a Temporary

Restraining Order based on improper communications between Defendant and the

class.  (ECF No. 97.)  On February 27, 2013, the Court held a hearing and denied the

Emergency Motion, but subsequently granted Plaintiffs' oral request for injunctive relief

and ordered remedial measures.  (ECF No. 120.)  The Court also directed the issuance

of Notice to the Conditional Class.  (*Id.*)

2

On October 20, 2013, Plaintiffs filed a Motion to Join Potential Opt-In Plaintiffs, belatedly seeking to add eleven additional Opt-In Plaintiffs to the class.  (ECF No. 165.)  On January 7, 2014, while the Motion to Join was pending, Plaintiffs filed eleven separate and substantively identical complaints in this action, one for each of the Potential Opt-In Plaintiffs who were subjects of the Motion to Join.  (ECF Nos. 173–83.)  Due to the procedural impropriety of these filings, the eleven new complaints were stricken and Plaintiffs subsequently re-filed each of them as a separate action.  (Case Nos. 14-cv-42, 14-cv-44, 14-cv-45, 14-cv-46, 14-cv-47, 14-cv-48, 14-cv-49, 14-cv-50, 14-cv-51, 14-cv-53, 14-cv-55.)  Plaintiffs then moved to consolidate these cases with the instant case.  (ECF No. 186.)

At a Status Conference on January 22, 2014, the Court directed Plaintiffs to join all eleven of their proposed new plaintiffs in one action (Case No. 14-cv-42, "the Brooks action"), and to dismiss the remaining new actions.  (ECF No. 191.)  On April 3, 2014, the Court denied Plaintiffs' Motion to Join Potential Opt-In Plaintiffs based on untimeliness, and granted Plaintiffs' Motion to Consolidate the Brooks action with the instant case.  (ECF No. 201.)  Subsequently, Plaintiffs voluntarily dismissed numerous Opt-In Plaintiffs, and others were dismissed for failure to prosecute and failure to appear on recommendation by U.S. Magistrate Judge Michael J. Watanabe (ECF Nos. 243 & 300).[1]  There now remain 213 class members, including the named Plaintiffs, the

---

[1] This resulted, in part, from numerous discovery disputes regarding depositions of the Opt-In Plaintiffs, which were resolved by Magistrate Judge Watanabe.  The Court also denied Plaintiffs' Motion to Appoint Special Master for the Purpose of Designating Subclasses based on Plaintiffs' failure to establish any cause for such appointment, or even to address the appropriate legal standard.  (ECF No. 249.)

Opt-In Plaintiffs, and the consolidated plaintiffs from the Brooks action.

On January 27, 2015, the parties filed a Joint Motion to Stay Pending Deadlines and Notice of Settlement in Principle.  (ECF No. 301.)  On April 29, 2015, pursuant to the terms of the Settlement, Defendant filed a Motion to Decertify (ECF No. 307), with contemporaneous Motion to Stay Briefing on the Motion to Decertify (ECF No. 308).

On April 29, 2015, Plaintiffs filed their Joint Motion for Approval of Settlement Agreement (ECF No. 310), the Settlement Agreement itself (ECF No. 311), and Plaintiffs' Petition for Reasonable Attorneys' Fees and Costs (ECF No. 312), which are the subject of this order.  The Court preliminarily approved the Settlement on May 27, 2015.  (ECF No. 315.)

The Court held a fairness hearing on October 6, 2015.  (ECF No. 323.)  No objectors appeared at the hearing, and to date, neither the Court nor Plaintiffs' class administrator have received any objection to the Settlement from any class member. (*Id.*; ECF No. 322.)  At the hearing, the Court issued an oral ruling granting the Joint Motion for Approval, granting in part Plaintiffs' Petition as to attorneys' fees, and taking under advisement Plaintiffs' Petition as to costs.  (ECF No. 323.)  Plaintiffs were directed to submit to the Court itemized invoices of their expert witness expenses in support of their Petition as to costs; these invoices were timely submitted for the Court's *in camera* review.  (*See id.*)  The Court noted at the conclusion of the hearing that this written order would issue in order to fully state the reasons for the Court's decisions and to rule on the Petition as to costs.  (*Id.*)

## II.  JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT

In deciding whether to approve a settlement in a collective action, a court must

determine whether the settlement is "fair, reasonable and adequate," which includes

consideration of four factors:

> (1) whether the settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable.

*Rutter & Wilbanks Corp. v. Shell Corp.*, 314 F.3d 1180, 1188 (10th Cir. 2002) (citing

factors applicable to class actions under Federal Rule of Civil Procedure 23);

*Whittington v. Taco Bell of Am., Inc.*, 2013 WL 6022972, at *4 (D. Colo. Nov. 13, 2013)

(applying these four factors to FLSA collective actions).  The Court may also consider

the fact that no objections were filed by any class members. *In re Dun & Bradstreet*

*Credit Servs. Customer Litig.*, 130 F.R.D. 366, 372 (S.D. Ohio 1990) ("No timely

objection was raised by any Class Member to the proposed settlement, and less than

5% of all Class Members have chosen to opt out. . . .  No objection was raised at the

fairness hearing.  The Court gives these factors substantial weight in approving the

proposed settlement.").

The Court finds that the Settlement Agreement here has been negotiated at

arm's length and arrived at in good faith, there being no evidence of fraud or collusion

between the parties.  Under these circumstances, a presumption of fairness attaches to

the proposed settlement. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350,

5

1354 (11th Cir. 1982) (recognizing courts rely on the adversary nature of a litigated FLSA case resulting in settlement as indicator of fairness).  The Court sees no evidence of fraud or collusion or any other factor which would undermine this presumption here.  Counsel stated at the fairness hearing that negotiations were vigorous and occurred in multiple mediation sessions held over a four-month period. The attorneys involved in this matter are experienced, and there is no evidence suggesting that they negotiated in anything other than good faith to reach the proposed Settlement Agreement.

The Court also finds that the Settlement negotiated by counsel is fair and just for the class members.  This case presented a *bona fide* dispute involving extensive fact discovery and numerous legal disputes, including potential decertification, the statute of limitations, and the central question of whether certain of Plaintiffs' claims are legally compensable at all.  (*See* ECF No. 310 at 10–12.)  Indeed, Defendant's Motion to Decertify placed Plaintiffs' prospects for success in this action in question.  (*See* ECF No. 307.)  As to the statute of limitations disputes, the settlement avoids the uncertainty of whether certain class members with older claims would have been able to recover at all, because the Settlement permits some recovery for even these 45 class members. (ECF No. 310 at 14.)

The Settlement assures the class members a substantial recovery—particularly given the parties' disputes as to the potential amounts owed by Defendant (*see id.* at 13 –15) – which provides a significant immediate benefit to the class and avoids protracted litigation over these disputes.  Further, the parties' agreed-upon method of distribution to each class member is well-reasoned and precise.  (*See* ECF No. 311 at 22–24.)

6

The Court also finds reasonable the amounts of the service payments to each named Plaintiff, as set forth in the Settlement Agreement.[2]  Given each named Plaintiff's participation in the case, the hours they expended working with counsel and participating in discovery over the four-year course of this litigation, and their consultation with other class members throughout these proceedings, a service award is appropriate.  Notably, most of the named Plaintiffs brought this suit against their long-time employer, who they were working for when this action was initiated, and for whom they still work.  This shows the Plaintiffs' commitment to the case, and the risk they took in pursuing this litigation.  The Court also finds that the amount requested is reasonable, given the size of the overall recovery in this case.

Furthermore, the fact that no class member objects to the Settlement Agreement shows that the class considers this Settlement fair and reasonable.  All of these factors support the Court's finding that the Settlement Agreement is fair and should be approved.  *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 118 (2d Cir. 2005) ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement."); *In re SmithKline Beckman Corp. Sec. Litig.*, 751 F. Supp. 525, 530 (E.D. Pa. 1990) ("Both the utter absence of objections and the nominal number of shareholders who have exercised their right to opt out of this litigation militate strongly in favor of approval of the settlement."); *In re Dun &*

---

[2] When considering the appropriateness of an award for class representation, the Court should consider: (1) the actions the class representative took to protect the interests of the class; (2) the degree to which the class has benefited from those actions; and (3) the amount of time and effort the class representative expended in pursuing the litigation.  *See Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).

7

*Bradstreet*, 130 F.R.D. at 372.  Finally, at the fairness hearing both parties' counsel attested to their belief that, in their judgment, the Settlement Agreement is fair and reasonable.

Based on these considerations, the Court finds good cause to order final approval of the Settlement Agreement entered into between the parties to this action. Pursuant to the parties' agreement, and Plaintiffs' stipulation at the fairness hearing that Plaintiffs will confess Defendant's Motion to Decertify in the event the Settlement is approved, the Court will also grant that motion and decertify the conditional class.

## III.  PLAINTIFFS' PETITION FOR REASONABLE ATTORNEYS' FEES AND COSTS

When considering the appropriateness of an attorneys' fees award, the Court is to consider: (1) the time and labor required by counsel; (2) the novelty and difficulty of the legal question presented; (3) the skill required to represent the class appropriately; (4) the preclusion of other employment by the attorneys due to the acceptance of this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys, (10) the "undesireability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) (abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989)).

After considering the relevant factors, the Court grants Plaintiffs' petition for attorneys' fees.  The amount of fees requested is reasonable considering the time and

effort expended on this case by Plaintiffs' counsel over the course of four years, including pre-suit investigation, informal class and merits discovery, working with experts to calculate damages, and administering this collective action.  Counsel estimated that they had already spent nearly 3,000 hours on the case at the time of the mediation, and have since expended additional time attending futher mediation sessions, filing the instant Motions, and preparing for the fairness hearing.  As additional issues arose over the course of this case, counsel was required to expend time and effort in motions practice and evidentiary hearings.  (*See, e.g.*, ECF Nos. 110, 115.)  Though the monetary amount of fees is large, and the Court has previously chastised Plaintiffs' counsel for numerous unnecessary filings (*see, e.g.*, ECF No. 184), counsel has exercised significant billing judgment in reducing their lodestar by more than half, to the amount requested in their Petition.  The rates charged by class counsel are reasonable, considering the geographic market and counsel's experience.  Thus, the Court approves the attorneys' fees requested.

The Court also approves the award of costs in the amount specified in Plaintiffs' Petition.  At the fairness hearing, the Court noted that the ratio of costs to fees is larger than is typical in similar cases and the expert witness expenses were very high in absolute numbers.  (*See* ECF No. 323.)  However, after a review of the invoices submitted by Plaintiffs, the Court is persuaded by counsel's argument that these costs were reasonably necessary in this case.  These invoices show that Plaintiffs' experts performed extensive data analyses and a time study in evaluating Plaintiffs' claims and calculating damages, which required a large expenditure of time.  The experts' hourly rates were reasonable given their expertise.  Therefore, the Court grants Plaintiffs' petition as to costs and approves the requested amount.

## III.  CONCLUSION

For the aforementioned reasons, the Court hereby ORDERS as follows:

1.      The parties' Joint Motion for Approval of Settlement Agreement (ECF No. 310)

and Plaintiffs' Petition for Reasonable Attorneys' Fees and Costs (ECF No. 312)

are GRANTED;

2.      The parties' Settlement Agreement (ECF No. 311) is APPROVED;

3.      Pursuant to the parties' stipulation in the Settlement Agreement, Defendant's

Motion to Decertify Plaintiffs' FLSA Collective Action (ECF No. 307) is

GRANTED, and this action is hereby DECERTIFIED as a collective action;

4.      The Named Plaintiffs, Opt-In Plaintiffs, and Consolidated Plaintiffs shall receive

payments in the amounts set forth under the terms of the Settlement Agreement;

5.      Plaintiffs' attorneys' fees and costs shall be paid by Defendant in the amounts

specified under the Settlement Agreement and confirmed herein;

6.      The Court shall retain jurisdiction over the interpretation and implementation of

the Settlement Agreement; and

7.      Pursuant to the parties' stipulation in the Settlement Agreement, all claims in this

action are hereby voluntarily DISMISSED WITH PREJUDICE, and the parties

shall bear their own fees and costs with the exception of those provided for in the

Settlement Agreement.

Dated this 10th day of November, 2015.

BY THE COURT:

_____
William J. Martinez
United States District Judge